UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Araceli King,<br><br>                Plaintiff,<br>v.<br>Time Warner Cable, Inc.,<br><br>                Defendants. | Civil Action No. 14-CV-2018<br><br>COMPLAINT |



For this Complaint, the Plaintiff, Araceli King, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and the invasions of the Plaintiff's personal privacy.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Araceli King ("Plaintiff"), is an adult individual residing in El Paso, Texas, and is a "person" as defined by 47 U.S.C. § 153(39).

4. The Defendant, Time Warner Cable, Inc. ("TW"), is a New York business entity with an address of 60 Columbus Circle, New York, New York 10023, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. Beginning in an around July, 2013, TW placed calls to Plaintiff's cellular telephone, number 915-xxx-0528.

6. At all times mentioned herein, TW called Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

7. When Plaintiff answered the ATDS calls from TW, she would hear a pre-recorded message which requested to speak with a "Luiz Perez."

8. Plaintiff is not "Luiz Perez" nor does Plaintiff know a "Luiz Perez."

9. The pre-recorded messages do not contain in interactive opt-out mechanism such that Plaintiff could notify TW to cease such calls to her number.

10. On or around October 2013, Plaintiff called TW, and stated she did not know anyone by the name of "Luiz Perez" and demanded that the calls to her cellular phone cease. Subsequently, Plaintiff made additional requests to TW to cease all calls to her cellular telephone, none of which were heeded or honored by TW.

11. Regardless of the Plaintiff's repeated requests, TW continued to place calls to Plaintiff's cellular telephone.

12. Plaintiff did not provide TW prior express consent to call her on her cellular phone in regards to "Luiz Perez."

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2

14. At all times mentioned herein and within the last year, TW called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

15. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…" 2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

16. Defendant's telephone systems have all the earmarks of a predictive dialer. Often times when Plaintiff answered TW's calls, she was met with a pre-recorded message.

17. Upon information and belief, TW's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. Plaintiff did not provide and/or revoked her consent to be contacted on her cellular telephone, and in fact instructed TW on multiple occasions to stop all calls to her and cease calling her cellular telephone.

19. Furthermore, the pre-recorded messages utilized by TW did not contain interactive opt-out mechanisms as required by the TCPA's implementing regulations.

20. TW continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times by Plaintiff that they were calling the wrong telephone number and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

21. The calls from TW to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22. Each of the aforementioned calls made by TW constitutes a violation of the TCPA.

23. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

24. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 17, 2014

Respectfully submitted,

By: _____
Sergei Lemberg, Esq. (SL 6331)
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff