UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ARACELI KING,

                              **Plaintiff,**

        -against-                            14 Civ. 2018  (AKH)

TIME WARNER CABLE, INC.,

                              **Defendant.**
----------------------------------------------------------------X

## RESPONSE OF TIME WARNER CABLE INC. TO PLAINTIFF'S RULE 56.1 STATEMENT OF UNDISPUTED FACTS

1. Plaintiff Araceli King resides in Irving, Texas. [King Depo. Tr. 15:5–6].

*Response*: Admitted.

2. On July 14, 2012, Plaintiff subscribed to telephone number (915) 861–0528 (the "0528 Number"). [**Exhibit 1** to Declaration of Sergei Lemberg].

*Response*: Denied. The material cited to support the fact is a hearsay statement that is not presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 802.

3. The 0528 Number is a cellular telephone number serviced by Sprint. [King Depo. Tr. 43:5–16; **Exhibit 1** to Lemberg Decl.].

*Response*: Denied. The material cited to support the fact is a hearsay statement that is not presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 802.

4. Plaintiff pays Sprint approximately $89.00 per month for her cellular telephone service. [King Depo. Tr. 43:17–44:9].

*Response*: Admitted. Not relevant.

5. Plaintiff has had Defendant Time Warner Cable, Inc.'s ("TWC") services for approximately ten years. [King Depo. Tr. 63:3–8].

*Response*: Admitted.

6. Plaintiff provided the 0528 Number to TWC in connection with her TWC account. [King Depo. Tr. 96:2–14].

*Response*: Admitted.

7. Plaintiff did not provide the 0528 Number to TWC for any other purpose. [Declaration of Araceli King at ¶3].

*Response*: Denied. As a matter of law, the objective consent of a party cannot be limited by the party's subjective intent. Moreover, the Time Warner Cable residential services subscriber agreement to which King agreed by using Time Warner Cable's services allows calls to "any number you provide to us" using "automated dialing systems or artificial or recorded voices" "for any

purpose." Time Warner Cable Residential Services Subscriber Agreement ¶ 12 (**Exhibit A**).

8.  On July 3, 2013, Plaintiff began receiving calls from TWC on the 0528 Number for "Luiz Perez". [King Decl. at ¶2; King Depo. Tr. 100:25–101:16; TWC Outbound Dial Log; Sprint Call Log; King Screenshots].

*Response*: Admitted.

9.  The account number associated with Mr. Perez's account is 8260170544640054 (the "Perez Account"). [Zitko Depo. Tr. 33:3-4].

*Response*: Admitted.

10.  TWC's calls to the 0528 Number for the Perez Account came from telephone number (800) 892-2253. [King Decl. at ¶2].

*Response*: Admitted.

11.  Between July 3, 2013 and August 11, 2014, TWC placed 163 calls to the 0528 Number on the Perez Account. [Lemberg Decl. at ¶¶7-8; Combined Call Log].

*Response*: Denied. The material cited to support the fact is a hearsay statement that is not presented in a form that would be admissible in evidence and a statement of a lawyer not made on personal knowledge. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 602, 802.

12. TWC used its Enterprise Outbound Interactive Voice Response ("IVR") dialer to place all 163 calls to the 0528 number. [Zitko Depo. Tr. 18:18-22, 32:2-5, 37:5-11, 89:21-25].

*Response*: Denied. The fact is not supported by the cited material. Specifically, Mr. Zitko said that he would have to count the number of calls to see how many were placed. *See* Deposition of David W. Zitko at 29 (**Exhibit 7**).

13. The IVR is a computerized system that automatically imports calling lists to be dialed. [Zitko Depo. Tr. 19:5-6, 34-35, 92:23-25, 94:18-25, 95:15-19].

*Response*: Denied. The IVR imports information from selected customer accounts (including telephone numbers supplied by customers) when the accounts are overdue for a certain period of days; the IVR does not have the capacity to make random or sequentially generated calls. *See* Deposition of David W. Zitko at 22–23, 35, 43–44, 93–94 (**Exhibit 7**).

14. The IVR is completely automated and does not require human intervention to make calls. [Zitko Depo. Tr. 38:23-25, 39:2-4].

*Response*: Denied. The IVR relies on persons to collect the telephone numbers and to set the values that trigger when calls are made. *See* Deposition of David W. Zitko at 22–23, 35, 43–44, 93–94 (**Exhibit 7**).

15. The IVR is designed and configured to play a prerecorded message on every call. [Zitko Depo. Tr. 42:2-11, 52:6-17, 73:17-25, 96:17-20].

*Response*: Denied. The IVR is designed and configured to play a prerecorded message on the first call each day that is answered by a person or by an answering machine. *See* Declaration of David W. Zitko ¶ 9.

16. The IVR has the capacity to store numbers. [Zitko Depo. Tr. 44:22-25, 45:6-9, 95:15-19].

*Response*: Admitted.

17. The IVR has the capacity to dial such numbers. [Zitko Depo. Tr. 18:18-19, 34:2-3, 35:6-15, 37:5-7, 41:23-25, 93:3-16].

*Response*: Admitted.

18. When Plaintiff answered the calls from TWC, or when she listened to voicemail messages left by TWC, she heard a prerecorded message. [King Decl. at ¶5; King Depo. Tr. 105:25-106:16, 124:5-11, 142:14-18].

*Response*: Denied as inconsistent with ¶ 19.

19. Some of TWC's voicemail messages were silent, lasting only few seconds. [King Decl. at ¶6; King Depo. Tr. 143:6-25].

*Response*: Denied. The IVR is programmed to either leave a voicemail message or disconnect and not leave a message; it is not set up to leave a so-called blank message. *See* Deposition of David W. Zitko at 53 (**Exhibit 7**).

20. TWC's prerecorded messages stated that TWC was calling for "Luiz Perez" regarding his overdue account balance. [King Decl. at ¶7; King Depo. Tr. 100:16-24, 101:11-16, 142:14-143:5].

*Response*: Denied. *See* Declaration of David W. Zitko ¶ 2.

21. Plaintiff does not know "Luiz Perez." [King Decl. at ¶8; King Depo. Tr. 156:2-10].

*Response*: Admitted.

22. Plaintiff did not consent to receive calls from TWC on the 0528 Number with regard to the Perez Account. [King Decl. at ¶¶3, 8].

*Response*: Denied. As a matter of law, the objective consent of a party cannot be limited by the party's subjective intent. Moreover, the Time Warner Cable residential services subscriber agreement to which King agreed by using Time Warner Cable's services allows calls to "any number you provide to us" using "automated dialing systems on artificial or recorded voices" "for any purpose." Time Warner Cable Residential Services Subscriber Agreement ¶ 12 (**Exhibit A**).

23. On October 3, 2013, in a call lasting about seven minutes, Plaintiff spoke to TWC and asked that it stop calling the 0528 Number regarding the Perez Account. [King Decl. at ¶9; Sprint Dial Log; TWC Outbound Dial

Log; TWC Inbound IVR Log].

*Response*: Denied. Time Warner Cable has searched its records. It has no record of King's calling to say that she was getting calls for someone else. *See* Deposition of David W. Zitko at 91–92 (**Exhibit 7**).

24. The October 3, 2013 call was the tenth call from TWC to the 0528 Number regarding the Perez Account, following which TWC placed 153 additional calls to the 0528 Number on the Perez Account. [Combined Call Log; TWC Outbound Dial Log; Sprint Call Log; King Screenshots].

*Response*: Denied. The statement is not supported by the cited material. The material cited to support the fact are hearsay statements that are not presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 802.

25. On January 7, 2014, in a call lasting about three minutes, Plaintiff spoke to TWC and again requested that the calls regarding the Perez Account stop. [King Decl. at ¶10; Sprint Call Log; TWC Inbound IVR Log; TWC Inbound Customer Call History].

*Response*: Denied. Time Warner Cable has searched its records. It has no record of King's calling to say that she was getting calls for someone else. *See* Deposition of David W. Zitko at 91–92 (**Exhibit 7**).

26. TWC placed 123 calls to the 0528 Number regarding the Perez Account after January 7, 2014. [Combined Call Log; TWC Outbound Dial Log; Sprint Call Log; King Screenshots].

*Response*: Denied. The statement is not supported by the cited material. The material cited to support the fact are hearsay statements that are not presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 802.

27. On March 26, 2014, TWC accepted service of the Summons and Complaint in this action, which again placed TWC on notice that it did not have consent to place automated calls to the 0528 Number regarding the Perez Account. [**Exhibit 10** to Lemberg Decl.].

*Response*: Denied. The complaint did not place Time Warner Cable on notice because the plaintiff chose not to include the telephone number in the complaint.

28. TWC placed 74 calls to the 0528 Number regarding the Perez Account after March 26, 2014. [Combined Call Log; TWC Outbound Dial Log; Sprint Call Log; King Screenshots].

*Response*: Denied. The statement is not supported by the cited material. The material cited to support the fact are hearsay statements that are

not presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 802.

29. On June 23, 2014, Plaintiff's counsel asked TWC to stop placing calls to the 0528 Number. [Lemberg Decl. at ¶14].

*Response*: Denied. The statement is not supported by the cited material. Notice was not given to Time Warner Cable.

30. TWC placed 14 calls to the 0528 number after June 23, 2014.

*Response*: Denied. The statement is not supported by the cited material. The material cited to support the fact are hearsay statements that are not presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 802.

31. On June 18, 2015, the Federal Communications Commission ("FCC") adopted a proposal to strengthen the protection of consumers against unwanted robocalls. [**Exhibit 11** to Lemberg Decl.].

*Response*: Denied. The material cited to support the fact is a hearsay statement that is not presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 802. In addition, a press release may not be used to prove the content of an original writing that has not been issued. *See* Fed. R. Evid. 1002.

32. In its June 18, 2015, ruling FCC held that "[c]onsumers have the right to revoke their consent to receive robocalls and robotexts in any reasonable way at any time." [**Exhibit 11** to Lemberg Decl.].

*Response*: Denied.  The material cited to support the fact is a hearsay statement that is not presented in a form that would be admissible in evidence.  *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 802.  In addition, a press release may not be used to prove the content of an original writing that has not been issued.  *See* Fed. R. Evid. 1002.

33. In its June 18, 2015, ruling FCC further held that "'Autodialer' is defined in the [Telephone Consumer Protection] Act as any technology with the capacity to dial random or sequential numbers."

*Response*: Denied.  The material cited to support the fact is a hearsay statement that is not presented in a form that would be admissible in evidence.  *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 802.  In addition, a press release may not be used to prove the content of an original writing that has not been issued.  *See* Fed. R. Evid. 1002.

34. In its June 18, 2015, ruling FCC further held that an "Autodialer" definition includes a calling technology that calls consumers from a list of numbers. [**Exhibit 11** to Lemberg Decl.].

*Response*:  Denied.  The material cited to support the fact is a hearsay statement that is not prevented in a form that would be admissible in evidence.  *See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 802.  In addition, a press release may not be used to prove the content of an original writing that has not been issued.  *See* Fed. R. Evid. 1002.

Dated:  New York, New York
July 2, 2015

                    s/Charles D. Cole, Jr.
                    Charles D. Cole, Jr.
                    Newman Myers Kreines Gross Harris, P.C.
                    Attorneys for Defendant Time Warner Cable Inc.
                    40 Wall Street
                    New York, New York 10005-1335
                    (212) 619-4350
                    dcole@nmkgh.com

## CERTIFICATE OF SERVICE

I certify that on July 2, 2015 the response of Time Warner Cable, Inc. to plaintiff's rule 56.1 statement of undisputed facts was served on the attorney for the plaintiff,

> Jenny DeFrancisco, Esq.
> Lemberg & Associates, LLC
> Attorneys for Plaintiff Araceli King
> 1100 Summer Street, 3rd Floor
> Stamford, Connecticut 06905,

by filing it using CM/ECF.

> s/Charles D. Cole, Jr.
> Charles D. Cole, Jr.
> Newman Myers Kreines Gross Harris, P.C.
> Attorneys for Defendant Time Warner Cable Inc.