UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ARACELI KING,

                        Plaintiff,

        -against-                        14 Civ. 2018 (AKH)

TIME WARNER CABLE, INC.,

                        Defendant.
------------------------------------------------------------X

## DECLARATION OF DAVID W. ZITKO

I, David W. Zitko, declare:

1. I am an enterprise payment services vendor manager at Time Warner Cable Inc. I have worked for Time Warner Cable since approximately October 2010. My current duties and responsibilities at Time Warner Cable have been the same since April 2013. I have personal knowledge of the facts stated or rely on the business records of Time Warner Cable.

2. Since approximately April 2013, I have been responsible for, among other duties, managing Time Warner Cable's efforts to notify its customers of past-due balances on their accounts. I manage Time Warner Cable's process of placing outbound calls to its customers with past-due balances on their accounts and providing those customers with an opportunity to make payments.

3. I made this declaration to place before the court the Time Warner Cable residential services subscriber agreement that was in effect when Araceli King was getting calls from Time Warner Cable on her cell phone that were not intended for her. The residential services subscriber agreement, to which all customers must agree in order to get service, is attached as **Exhibit A**.

4. If you look at paragraph 12, you will see that it includes a consent for Time Warner Cable to call its customers using automated dialing systems and prerecorded voices. The paragraph provides,

**12. You are Consenting to Phone and Email Contract**

(a) We may call any number you provide to us (or that we issue to you) for any purpose, including marketing of our Services. This is true even if your numbers are included on state or federal "do not call" lists. However, if you ask to have your number placed on our "do not call" list, we will not call you at the number for marketing purposes. To have your number placed on our "do not call" list, contact your TWC office. . . .

(c) We may use automated dialing systems or artificial or recorded voices to call you.

5. This case stems from Time Warner Cable's having one telephone number associated with two different accounts. In February 2012, a customer different from the plaintiff opened an account with Time Warner Cable and gave the telephone number 915-861-0528 to Time Warner Cable to associate

with his account.  As Araceli King says in her declaration, she also gave Time Warner Cable the 915-861-0528 number to associate with her account.

6.  I also make this declaration to place before the court Time Warner Cable's record of calls to 915-861-0528, which is in the form of an Excel spreadsheet and placed on a CD, which has been marked as **Exhibit B**.  The Excel spreadsheet shows calls made by Time Warner Cable to 915-861-0528 and is easier to understand than the papers submitted by Ms. King's lawyer because **Exhibit B** includes line numbers.

7.  Looking at the CCM_Outbound tab, you can also see the calls from Time Warner Cable to 915-861-0528 beginning on July 3, 2013.  You can see that calls were made to 915-861-0528 relating to two different accounts.  The calls about which Ms. King complains were those made to the other customer and began on line 18 and continue through to line 191.

8.  The last entry on each line in column I, which is labeled ATTEMPT_STATUS, notates what the IVR heard and if the call was completed or not.  Only two types of calls used a prerecorded voice: calls that were answered by the customer and calls in which a message was left on the customer's answering machine.

9.  The calls answered by the customer are indicated in column I by LIVE_VOICE.  The calls in which a message was left on the customer's

answering machine are the first call each day that show ANSWERING_MACHINE in column I. The Time Warner Cable IVR system is set up to leave no more than one message on an answering machine in any one day.

10. The calls to 915-861-0528 that reached the customer are shown on lines 18, 19, 21, 22, 28, 29, 32, 47, 56, 58, 82, 88, and 139. There were 13 such calls.

11. The calls to 915-861-0528 in which a message was left are shown on lines 26, 30, 33, 37, 39, 42, 45, 49, 52, 55, 57, 59, 63, 65, 68, 71, 74, 75, 78, 81, 83, 86, 89, 93, 96, 98, 101, 104, 107, 111, 115, 117, 120, 123, 126, 130, 133, 136, 138, 140, 143, 146, 149, 152, 155, 157, 160, 163, 166, 169, 172, 175, 178, 181, 184, 186, and 189. There were 57 such calls.

12. I also make this declaration to dispute King's local rule 56.1 statement. She says in paragraph 20 that "TWC's prerecorded messages stated that TWC was calling for 'Luiz Perez' regarding his overdue account balance." But that's not how the IVR system is set up. The IVR system doesn't say anything about a past due account until the person who answers the call verifies that she is person for whom the call is intended. Thus if King heard anything about a past due account, she must have indicated that she was Perez.

I declare under penalty and perjury that the foregoing is true and correct. Executed on July 2, 2015.

_____
David W. Zitko

## CERTIFICATE OF SERVICE

I certify that on July 2, 2015 the declaration of David W. Zitko was served on the attorney for the plaintiff,

>Jenny DeFrancisco, Esq.
>Lemberg & Associates, LLC
>Attorneys for Plaintiff Araceli King
>1100 Summer Street, 3rd Floor
>Stamford, Connecticut 06905,

by filing it using CM/ECF.

>s/Charles D. Cole, Jr.
>Charles D. Cole, Jr.
>Newman Myers Kreines Gross Harris, P.C.
>Attorneys for Defendant Time Warner Cable Inc.